# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR417-200 |
| | ) | CV419-264 |
| ERON VENTURA, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Eron Ventura pled guilty to a one count of possession of a firearm in furtherance of a drug trafficking crime and one count of possession with intent to distribute.  *See* doc. 1[1] (Indictment); doc. 27 (Change of Plea).  He was sentenced to 65 months of imprisonment on December 13, 2018.  Doc. 31 (Judgment).  He did not appeal.  He now seeks to vacate the judgment on several grounds.  Doc. 37.  His motion, pursuant to 28 U.S.C. § 2255, was signature filed[2] on October 9, 2019.  Since his motion is untimely, it should be denied.

---

[1]  The Court is citing to the criminal docket in CR417-200 unless otherwise noted.

[2]  Under the "prison mailbox rule," the Court presumes that Ventura's motion was delivered for mailing on the day he signed it.  *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  ("Absent evidence to the contrary in the form of prison logs or other records, we will assume that [a § 2255] motion was delivered to prison authorities on the day he signed it . . . .").  In this context, the signature date provides the earliest possible date Ventura could assert for filing his motion.  Since, even assuming that earliest date, his motion is untimely by several months, any further

The Court entered judgment against Ventura on December 14, 2017, doc. 31, and he had one year from the date his conviction became final to seek § 2255 relief.  28 U.S.C. § 2255(f).  He had until December 28, 2017, to file his notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i) (defendants must notice their appeals within 14 days from the entry of judgment).  Since he filed no appeal, Ventura' conviction became final and § 2255(f)'s one-year clock began to tick on December 28, 2017.[3]  *See Adams v. United States,* 173 F.3d 1339, 1343 n. 2 (11th Cir. 1999) ("If a defendant does not pursue a timely direct appeal; to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired.").  He did not file the present § 2255 motion, however, until October 9, 2019, which is almost a year too late.  Doc.

---

litigation on the exact date of mailing would be futile.

[3]  As described in the statute, the one-year limitation period runs from the latest of:

   (1) the date on which the judgment of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

37 at 12 (certifying that "this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 10/9/19."). Ventura claims that his counsel hindered him, but does not explain how.[4] *See* doc. 37 at 11. Hence, his motion is time-barred unless he can show an exception, like a new rule of law retroactively available to him.[5] *See* 28 U.S.C. § 2255(f). Nothing in his motion asserts, or even suggests, such an extraordinary circumstance.

---

[4] "The statute of limitations can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)).

[5] The Court might permit Ventura to amend his motion and identify circumstances entitling him to equitable tolling. His motion fails on the merits, however. The stated grounds for relief include his counsel's ineffective assistance—although Ventura captioned his second ground for relief as a plea that was not "knowingly intelligent" his supporting facts make clear that this ground is based on his counsel's failure to inform him of the existence of exculpatory information—, and actual innocence. Doc. 37 at 4-5. Ventura's knowing and voluntary guilty plea waives those claims. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.").

As to defendant's claims of actual innocence, these claims may allow review even when outside the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). However, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006). However, "in cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "The likely rational for *Bousely's* rule regarding a showing of actual innocence of foregone charges is that the defendant should not receive an unjustified windfall as a result of his guilty plea." *Booth v. Thomas*, 2015 WL 400662, at *10 (N.D. Ala. Jan. 28, 2015) (citing *United States v. Caso*, 723 F.3d 215, 221-22 (D.C. Cir. 2013); *Lewis v. Peterson*, 329 F.3d 934, 937 (7th Cir. 2003)). As an initial matter, defendant

3

Accordingly, Ventura's § 2255 motion should be **DENIED**. Doc. 37. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all

---

not only signed the plea deal, he allocuted to Counts two and three of the indictment. *See* doc. 26. Moreover, he provides no new evidence which would indicate that he is actually innocent of either crimes to which he allocuted, and he provides nothing to support the claim that he is actually innocent as to the dismissed 922(g) charge.

Ventura also alleges that his claims are predicated, in part, on *Rehaif v. United States*, ___ U.S. ___, 139 S.Ct. 2191 (2019) which required individuals sentenced under 18 U.S.C. 922(g) to be aware both of the possession of a firearm as well as their status as a prohibited person. However, Ventura was not sentenced under § 922(g) as that claim was dismissed as part of his plea deal. *See* doc. 28.

Given that all the grounds asserted in Ventura's petition are meritless, regardless of whether he timely asserted them, any amendment asserting grounds for equitably tolling the statute of limitations would be futile.

parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 21st day of November, 2019.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia