UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

ERON VENTURA

Case No. 4:17cr200

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

　　☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

　　☐ Time served.

If the defendant's sentence is reduced to time served:

　　☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant first contends the conditions of his confinement and length of his sentence are bases for compassionate release. Because conditions of confinement and length of sentence do not qualify as "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c), his motion as to those bases is **DENIED**.

Defendant next contends his medical conditions, i.e. asthma and being an active smoker, together with the risk of COVID-19, qualify as extraordinary and compelling reasons under § 3582(c) that warrant compassionate release. The Court concludes that Defendant has met his burden to show extraordinary and compelling reasons under § 3582(c).

That is not the end of the Court's analysis, however. The factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the underlying case, law enforcement was investigating a domestic incident during which it learned that Defendant had put his girlfriend into a headlock, slammed her to the ground, and punched her in the face. Law enforcement personally observed the girlfriend's injuries. Based upon information obtained

3

from the girlfriend, law enforcement tracked Defendant in a taxi and conducted a traffic stop. Defendant tried to persuade the taxi driver to flee, but the driver did not. When the taxi stopped, Defendant exited the taxi and fled on foot into the woods. Defendant was eventually apprehended, and law enforcement found two small bags containing 2.4 grams of marijuana on Defendant's person and a discarded loaded Glock pistol nearby. Defendant pleaded guilty, under a written plea agreement, to two counts of the indictment: possession of a firearm in furtherance of a drug trafficking crime and possession with intent to distribute marijuana. With a total offense level of four and a criminal history category of V, Defendant's advisory guidelines was sixty months' imprisonment, by statute, for the first count and a range of four to ten months' imprisonment for the second count. The Court sentenced Defendant toward the lower end of the total guidelines at sixty-five months' imprisonment. Currently, Defendant's projected release date is April 23, 2022, meaning he has well over two years left to serve. If Defendant were released now, he will have served well below his guidelines range. Moreover, Defendant's criminal history is concerning. He has at least four adult criminal convictions, including possession of less than one ounce of marijuana, theft by receiving stolen property, robbery by sudden snatching, and public indecency. For some of these convictions, Defendant was sentenced to probation only for it to be revoked. It appears his past criminal activity did not deter him from committing another offense. Indeed, Defendant has been sanctioned for his behavior by the Bureau of Prisons six times in the last year. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: Febuary 4, 2021

_____
UNITED STATES DISTRICT JUDGE